# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br>JESUS BRIONEZ-VILLELA<br>　　　　　　　　　　　　Defendant. | CASE NO. 06cr2407 JM<br>CIVIL NO.  08cv1892 JM<br><br>ORDER DISMISSING MOTION TO REDUCE SENTENCE BROUGHT PURSUANT TO 28 U.S.C. § 2255 |

Pursuant to a plea agreement, Defendant Jesus Brionez-Villela ("Defendant"), a non-United States citizen, pleaded guilty to one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On December 18, 2006 Defendant was sentenced to a custodial term of 33 months, followed by three years of supervised release. On October 14, 2008 Defendant filed a motion for a reduction of the sentence pursuant to 28 U.S.C. § 2255 ("Motion"), contending that he could have received a two point reduction in the sentencing guideline range upon acceptance of a final order of deportation. (Motion at p.1). Defendant contends that his rights to due process and equal protection of the laws have been violated because, as an alien with an immigration detainer lodged against him, he is ineligible to participate in certain Bureau of Prisons ("BOP") programs. For the reasons set forth below, the court summarily dismisses the Motion.

**28 U.S.C. §2255 Review**

Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is

1  not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving
2  party." In such an instance, the district court is not required to hold a hearing or to require a response
3  from the government. See 28 U.S.C. § 2255.

4  **The Statute of Limitations**

5      A one-year statute of limitation applies to motions brought under § 2255. "The limitation
6  period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2)
7  the date on which the impediment to making a motion created by governmental action in violation of
8  the Constitution or laws of the United States is removed, if the movant was prevented from making
9  a motion by such governmental action; (3) the date on which the right asserted was initially
10 recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and
11 made retroactively applicable to cases on collateral review; or (4) the date on which the facts
12 supporting the claim or claims presented could have been discovered through the exercise of due
13 diligence." 28 U.S.C. § 2255.

14     Here, the judgment became final 10 days after the later of (1) entry of this court's December
15 18, 2006 judgment or (2) the filing of the government's notice of appeal where the government is
16 entitled to appeal. Fed.R.App.P. 4(b). As the plea agreement prevents the government from pursing
17 an appeal, the court concludes that the judgment became final on December 29, 2006, 10 days entry
18 of this court's judgment. Consequently, the court dismisses the Motion as time-barred because
19 Defendant filed the Motion on October 14, 2008, after the statute of limitations had expired.

20 **Waiver of the Right to Collaterally Attack Sentence**

21     Defendant waived his right to collaterally attack his sentence. In the plea agreement defendant
22 specifically waived his right to appeal or to collaterally attack his conviction and sentence unless the
23 court imposed a custodial sentence greater than the high end of the guidelines range recommended
24 by the government. This waiver provision is enforceable to bar Defendant from seeking collateral
25 relief. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993).
26 The plea agreement's language clearly embraces a waiver of any collateral attack on Defendant's
27 sentence, including a § 2255 motion. See United States v. Schuman, 127 F.3d 815, 817 (9th Cir.
28 1997) (per curiam) (finding that defendant waived his right to appeal an incorrect application of

1  Sentencing Guidelines even though the plea agreement did not specifically mention this right; to find
2  otherwise "would render the waiver meaningless"). Furthermore, Defendant does not challenge the
3  voluntariness of his waiver or otherwise inform the court of any other reason to invalidate his waiver.
4  The record reflects that Petitioner's waiver was knowing and voluntary. Accordingly, the court
5  concludes that Petitioner validly waived his right to collaterally attack his sentence and dismisses the
6  Motion.

7  **Procedural Bar**

8  Even if Defendant had not waived his rights to raise these claims in a § 2255 proceeding, he
9  has procedurally defaulted these claim. Claims that could have been raised on appeal, but were not,
10 are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review
11 is an extraordinary remedy and will not be allowed to substitute for an appeal). A review of the record
12 reveals that Defendant did not file a direct appeal and therefore he did not raise these claims on direct
13 appeal. Defendant does not sufficiently allege any basis for finding that cause and prejudice exists to
14 excuse his procedural default, nor does he allege that he is actually innocent. See Murray v. Carrier,
15 477 U.S. 478, 485 (1986). Accordingly, his failure to raise these claims on direct review results in
16 the procedural default of these claims. Id. The Motion is dismissed.

17 **The Merits**

18 Defendant's exclusion from certain BOP programs as a consequence of his immigration status,
19 does not violate due process or equal protection. See McLean v. Crabtree, 173 F.3d 1176 (9th Cir.
20 1999). In McLean, the plaintiffs claimed that the BOP violated their constitutional rights when it
21 denied their requests for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) on the basis of
22 the Immigration and Naturalization Service detainers lodged against each of them. The Ninth Circuit
23 noted that the exclusion of inmates with detainers, found at 28 C.F.R. § 550.58 (1997), is based on the
24 "BOP's conclusion that custodial considerations preclude prisoners with detainers from participating
25 in a community-based treatment program." Id. at 1184 (citing 61 Fed.Reg. 25121). "The BOP
26 reasoned that prisoners with detainers pose a flight risk during the community-based treatment phase
27 because they are subject to possible deportation upon release from custody, and therefore have reason
28 to flee a halfway house." Id. The Ninth Circuit concluded that the BOP's reasoning was "rationally-

1  based" and concluded that "the detainer exclusion is a valid exercise of the BOP's authority under the
2  statute." Id.

3        The Ninth Circuit then turned to the plaintiff's equal protection argument. The court noted that
4  the plaintiff "'must first show that the statute, either on its face or in the manner of its enforcement,
5  results in members of a certain group being treated differently from other persons based on
6  membership in that group.'" Id. at 1185 (quoting United States v. Lopez-Flores, 63 F.3d 1468, 1472
7  (9th Cir. 1995)). "Second, if it is demonstrated that a cognizable class is treated differently, the court
8  must analyze under the appropriate level of scrutiny whether the distinction made between the groups
9  is justified." McLean, 173 F.3d at 1185 (quoting Lopez-Flores, 63 F.3d at 1472). The court
10 concluded that the plaintiffs had merely demonstrated that "the statute results in prisoners with
11 detainers being treated differently from prisoners without detainers." McLean, 185 F.3d at 1186. The
12 court explained that prisoners with detainers are not a suspect class and therefore applied a rational
13 basis test. The court concluded that excluding prisoners with detainers from participating in the
14 community-based treatment was a reasonable means of eliminating the risk of flight and therefore
15 found the detainer exception survived constitutional scrutiny. Accordingly Defendant is not entitled
16 to relief under 28 U.S.C. §2255 and the Motion is dismissed.

17       Furthermore, the determination as to whether an inmate is eligible for participation in the
18 BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion
19 of the BOP. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense
20 remains in custody after successfully completing a treatment program may be reduced by the Bureau
21 of Prisons, but such reduction may not be more than one year from the term the prisoner must
22 otherwise serve"). As noted by the Supreme Court, § 3621(e)(2)(B) grants the BOP the discretion to
23 determine which inmates receive the benefit of early release. Lopez v. Davis, 531 U.S. 230 (2001).
24 Thus, it appears that Defendant is actually challenging the BOP's policy, and not his sentence. As
25 such a challenge is not within the scope of a motion brought under 28 U.S.C. §2255, the motion is
26 denied.       Finally, even if Defendant had asked at sentencing for a downward departure or
27 reduced sentence due to his status as a deportable alien, it would not have been granted. "[T]he
28 deportable status (of a defendant) may not be a ground for downward departure from the applicable

1 guideline range for aliens who are deportable." United States v. Martinez-Ramos, 184 F.3d 1055,
2 1058 (9th Cir. 1999).  While a downward departure on the ground of deportable alien status may be
3 appropriate under extraordinary circumstances involving crimes unrelated alienage, the sentencing
4 guidelines for crimes arising under §1325 and §1326 adequately take a defendant's alienage into
5 consideration.  "Because deportable alien status is an inherent element of the crimes to which the
6 guideline applies, this factor was clearly 'taken into consideration by the Sentencing Commission in
7 formulating the guideline [ ]' (18 U.S.C. §3443(b)) and was accounted for in the offense levels it
8 established." Id. (quoting United States v. Gonzalez-Portillo, 121 F.3d 1122, 1124-25 (7th Cir.1997),
9 cert. denied, 522 U.S. 1061 (1998)).  Consequently, the Motion is denied because a downward
10 departure based on Defendant's status as a deportable alien is simply not available to him.

11 In sum, the Motion to reduce Defendant's sentence is dismissed.  The Clerk of Court is
12 instructed to close the file.

13 **IT IS SO ORDERED.**
14 DATED: October 22, 2008

Hon. Jeffrey T. Miller
United States District Judge

18 cc:        All parties